UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAYMOND KYLE,

    Petitioner,

v.                                              Case No. 8:15-cv-267-T-27AEP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Raymond Kyle, a Florida inmate, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his Hillsborough County conviction. (Dkt. 1). Respondent opposes the petition. (Dkt. 8). Petitioner did not file a reply. Upon consideration, the petition is DENIED.

## PROCEDURAL HISTORY

Petitioner was convicted after a jury trial of carjacking with a deadly weapon. (Dkt. 10, Ex. 1, p. 33). He received life sentence. (*Id.*, p. 54). The state appellate court affirmed, *per curiam*. (Dkt. 10, Ex. 7). The state court denied Petitioner's motions for postconviction relief filed under Florida Rule of Criminal Procedure 3.850. (Dkt. 10, Exs. 15, 16). The state appellate court affirmed, *per curiam*. (Dkt. 10, Ex. 18).

## STANDARD OF REVIEW

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), habeas relief can only be granted if a petitioner is in custody "in violation of the Constitution or laws or treaties

of the United States." 28 U.S.C. § 2254(a).¹ A petitioner must demonstrate that the state court's adjudication of his federal claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1)-(2).

## INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner's claims allege ineffective assistance of trial counsel. The applicable federal law is set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To show entitlement to relief under *Strickland*, Petitioner must first demonstrate that his counsel performed deficiently in that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. Petitioner must also show that he suffered prejudice by demonstrating "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Obtaining federal habeas relief on an ineffective assistance claim is difficult because review is "doubly" deferential to counsel's performance and the state court's decision. *Harrington v. Richter*, 562 U.S. 86, 105 (2011).

## DISCUSSION

Ground One: "Ineffective assistance of counsel for failing to object to false and misleading testimony in regard to finding a knife on the Defendant's person, when the arrest reports clearly reflect that no knife was seized."

Petitioner was charged with having committed carjacking in Tampa on January 19, 2008. The next day, Petitioner was arrested in Nashville, Georgia, after being pulled over by Officer Kaleb

---

¹ The AEDPA applies. *Wilcox v. Florida Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998).

Morgan. Officer Morgan testified that he believed Petitioner had a pocketknife on his person at the time of arrest. Petitioner alleges that counsel should have objected because Officer Morgan never disclosed prior to trial that Petitioner possessed a knife. The state court denied his claim:

> Defendant alleges counsel was ineffective for failing to object to false and misleading testimony. Specifically, Defendant alleges counsel failed to object to Officer Kaleb Morgan's testimony that he believed Defendant had a pocketknife on him when he was arrested. Defendant claims the criminal report affidavit does not indicate any weapons were seized from Defendant when arrested or when the car was searched. Defendant contends that because whether or not Defendant possessed a knife played a crucial part in his trial, counsel's failure to object prejudiced him. Defendant maintains had counsel objected he may have been convicted of a lesser offense. The specific testimony subject of ground one is as follows:
>
> [CROSS EXAMINATION]
>
> DEFENSE COUNSEL: Did you search Mr. Kyle?
>
> OFFICER MORGAN: I patted him down for weapons.
>
> DEFENSE COUNSEL: Did he have any weapons on him?
>
> OFFICER MORGAN: I believe he had a pocket knife in his pocket.
>
> [REDIRECT EXAMINATION] [sic][2]
>
> STATE ATTORNEY [sic]: You say pocket knife. What do you mean when you say a pocket knife?
>
> OFFICER MORGAN: You know, it's just a small foldable one.
>
> STATE ATTORNEY [sic] : Was it big? Thick? Something like a hunting knife?
>
> OFFICER MORGAN: No, sir. Very simple. Like you would keep in your pocket.
>
> The Court first finds Defendant has failed to provide a valid legal basis for which his counsel could have objected to the testimony and that such objection would have

---

[2] These questions were asked by defense counsel during cross-examination. (Dkt. 10, Ex. 3, p. 230).

been sustained [sic]. *See Kennedy v. State*, 547 So. 2d 912 (Fla. 1989) (finding mere conclusory allegations are not sufficient to meet burden on post-conviction relief).

The Court finds the testimony provided by Officer Morgan concerning the pocket knife occurred during cross examination of Officer Morgan by Defendant's counsel, Mr. Baker. The Court finds trial counsel had no legal basis to object to his own line of questioning and thus counsel cannot be found deficient for failing to object to this testimony. *See Hitchcock v. State*, 991 So.2d 337, 361 (Fla. 2008) (finding defense counsel "cannot be deemed ineffective for failing to make a meritless objection"). Nor could counsel have objected to the State's questioning Officer Morgan about the knife on redirect examination as such questions are within the scope of cross examination. *Hinton v. State*, 347 So. 2d 1079, 1080 (Fla. 3d DCA 1977) (*citing Noeling v. State*, 40 So.2d 120 (Fla. 1949)).

The Court further finds Defendant cannot demonstrate sufficient prejudice. Defendant alleges he was prejudiced by this testimony because whether he possessed a knife was a crucial part of his trial. Defendant was charged by information, which alleged Defendant carjacked victim, Ria Persad, with a knife. [The] [v]ictim testified at trial the knife used in the carjacking "looked like a knife that when I used to go camping a camping knife. So it wasn't like a kitchen knife. It looked like something maybe used for cutting rope or something like that." Thus, even if the testimony of Officer Morgan concerning a "pocketknife" was excluded from trial, the Court finds the outcome of the trial would not have been different given the victim's testimony concerning the "camping knife" Defendant used in the carjacking. *See Strickland*, 466 U.S. at 694.

The Court finds counsel was not deficient as counsel had no legal basis to object to his own line of questioning and Defendant has not demonstrated prejudice sufficient to undermine the outcome of the trial. For the foregoing reasons, the Court finds no relief is warranted on ground one.

(Dkt. 10, Ex. 16, Final Order Denying Motions for Post-Conviction Relief, pp. 3-5) (court's record citations omitted).

The state court's application of *Strickland* was not unreasonable. The implication that Petitioner was arrested with a pocket knife which was the knife used in the carjacking was tenuous because, as the state court noted, Morgan and the victim gave inconsistent descriptions of the knives. (Dkt. 10, Ex. 2, p. 114; Ex. 3, p. 230). Moreover, the victim testified in detail about being carjacked

at knifepoint, and identified Petitioner as the perpetrator. (Dkt. 10, Ex. 2, pp. 109-46). And he was found in Georgia driving the victim's vehicle. (*Id.*, pp. 183-86, 195-96; Dkt. 10, Ex. 3, pp. 216-20). In light of the evidence, Petitioner failed to show a reasonable probability that the outcome of trial would have been different if counsel had challenged Officer Morgan's testimony. The state court did not unreasonably apply *Strickland* in denying Petitioner's claim. Nor did it base its decision on an unreasonable determination of the facts. Ground One is without merit.

Ground Five:[3] "Ineffective assistance of counsel for leading the Defendant into testimony which created the impression that defendant possessed a knife."

Petitioner alleges that trial counsel was ineffective in eliciting his testimony that he possessed a knife. The state court denied this claim, finding:

> Defendant alleges ineffective assistance of counsel for leading Defendant into testimony that created the impression that he possessed a knife. Defendant claims that, on direct examination, counsel questioned him about the officer's testimony which resulted in Defendant admitting to possessing a knife. Defendant alleges counsel's improper questioning violated his right against self-incrimination and that counsel's error prejudiced him because the jury may have accepted the Defendant's testimony concerning the possession of a knife as an admission of guilt. The specific line of questioning subject of ground five is as follows:
>
>> DEFENSE COUNSEL: Now, the officer - now you heard the officer testify that when he patted you down you had a small pocket knife on you.
>>
>> DEFENDANT: That is what I understand him to say.
>>
>> DEFENSE COUNSEL: The pocket knife was 2-inches small?
>>
>> DEFENDANT: Yes, sir.
>>
>> DEFENSE COUNSEL: Was it a hunting knife?

---

[3] Petitioner has presented a total of five grounds, listed as grounds one, five, six, seven, and eight. These numbers correspond to the grounds raised in his state postconviction motions.

DEFENDANT: No, sir. Not by no means.

The Court first finds Defendant waived his privilege against self-incrimination as to matters reasonably related to the subject matter of his direct testimony when he cho[]se to take the stand and testify at trial. *See State v. Hickson*, 630 So. 2d 172, 176 (Fla. 1993); *see also Jenkins v. Wessel*, 780 So. 2d 1006, 1008 (Fla. 4th DCA 2001).

The Court further finds, as stated in ground one, Defendant cannot demonstrate prejudice. The victim testified the knife Defendant used in the carjacking was a "camping knife" and "one used for cutting rope." Thus, even if Defendant's testimony concerning a "two-inches small pocketknife" was excluded from trial, the Court finds the outcome of the trial would not have been different given the victim's testimony concerning the "camping knife" Defendant used in the carjacking.

Additionally, at the evidentiary hearing, Defendant's prior counsel Marcia Perlin (hereinafter "counsel") testified the trial strategy was to "make a distinction between the knives being a large camping-style knife versus a very small pocketknife." Counsel testified co-counsel, Ed[t]ri[k] Baker,[4] distinguished between the knives in closing arguments that he was [sic] "clearly making a distinction between the two so that no jury in the world would consider them one in the same." A review of the trial transcripts reflects in closing arguments Defendant's trial counsel argued as follows:

> "You heard Officer Morgan testify he took a pocket knife. Where is the pocket knife? Because the pocket knife is not what Miss Persad said she saw. She saw a hunting knife. Remember what she said. She said a knife that was kind of big, had a long blade, strong enough to cut rope."

"Strategic decisions do not constitute ineffective assistance of counsel if alternative courses have been considered and rejected and counsel's decision was reasonable under the norms of professional conduct." *Occhicone v. State*, 768 So. 2d 1037, 1048 (Fla. 2000). The defendant carries the burden of overcoming the presumption that a decision might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *see also Asay v. State*, 769 So. 2d 974, 984 (Fla. 2000). "Counsel's strategic decisions will not be second-guessed on collateral attack." *Johnson v. State*, 769 So.2d 990, 1001 (Fla. 2000). The Court finds counsel's decision to distinguish between the "camping" style knife described by the victim and the "two-inch" pocketknife testified to by Defendant are reasonable and strategic decisions that the

---

[4] Lead trial counsel Edtrik Baker passed away prior to the postconviction evidentiary hearing. Co-counsel Marcia Perlin testified at the hearing. She had Baker's notes from the trial and some of his notes from jail visits. (Dkt. 10, Ex. 17, pp. 422, 424).

> Court will not second guess.
>
> The Court finds Defendant waived his privilege against self-incrimination by testifying, Defendant has not demonstrated sufficient prejudice, and counsel's decision to distinguish the knives to the jury was a reasonable trial strategy that the court will not second guess. For the foregoing reasons, the Court finds no relief is warranted on ground five.

(Dkt 10, Ex. 16, Final Order Denying Motions for Post-Conviction Relief, pp. 5-7) (court's record citations omitted).

Officer Morgan's trial testimony about the pocketknife surprised the defense. (Dkt. 10, Ex. 17, pp. 425-26). The record supports the state court's finding that once Officer Morgan's testimony was before the jury, counsel made a tactical decision to distinguish the two knives to show that there was no connection between the pocketknife and the carjacking. (*Id.*, pp. 427, 428-29). Petitioner has not shown that this strategy was unreasonable. *See Dingle v. Sec'y, Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007) (stating that counsel's strategic decision "will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'") (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)); *Minton v. Sec'y, DOC*, 271 Fed. App'x 916, 918 (11th Cir. 2008) ("The Supreme Court has 'declined to articulate specific guidelines for appropriate attorney conduct and instead has emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'") (quoting *Wiggins v. Smith*, 539 U.S. 510, 521 (2003)). Further, as the state court found, counsel's questioning did not violate Petitioner's privilege against self-incrimination because he waived that privilege when he chose to testify. *See McGahee v. Massey*, 667 F.2d 1357, 1362 (11th Cir. 1982) ("When a defendant voluntarily testifies, he waives his fifth amendment right and places

himself in the same position as any other witness.").[5] Even if counsel had not questioned Petitioner about the pocketknife, the jury still would have heard the State's evidence of guilt, including the victim's account of being carjacked at knifepoint by Petitioner.

Accordingly, the record supports the state court's conclusion that counsel engaged in a reasonable strategic decision, and that Petitioner failed to make the required showing of prejudice. The state court did not unreasonably apply *Strickland* or unreasonably determine the facts. Petitioner is therefore not entitled to relief on Ground Five.

Ground Seven: "Ineffective assistance of counsel for failing to file a motion to suppress, to wit 'knife.'"

Petitioner argues that trial counsel was ineffective for failing to move to suppress the pocketknife testified to by Officer Morgan. The state court denied this claim:

> Defendant alleges counsel was ineffective for failing to file a motion to suppress. Defendant claims that no substantial evidence existed that established that Defendant was in actual possession of a knife. Defendant alleges the arrest report shows no knife was seized from Defendant when he was arrested and no knife was even admitted into evidence. Defendant alleges that, if counsel had filed a motion to suppress the knife, the State would have been prevented from introducing testimony pertaining to the knife, and the jury verdict would have been different.
>
> In claims of ineffective assistance of counsel for failure to file a motion to suppress a defendant must prove that there was a valid basis to suppress the evidence. If no basis is shown, counsel is not ineffective for failing to raise an issue where counsel has no basis for doing so. *See Rogers v. State*, 957 So. 2d 538, 548 (Fla. 2007); *see also Zakrzewski v. State*, 886 So. 2d 688, 694 (Fla. 2003).
>
> The Court first finds Defendant has failed to provide a valid basis to suppress the knife. Defendant was arrested for Driving Under the Influence ("DUI") by Officer Morgan of [the] Nashville Police Department in Nashville, Georgia. Officer Morgan testified at trial he patted Defendant down for weapons and found a pocket knife in Defendant's pocket. At the evidentiary hearing, Defendant provided no legal basis

---

[5] Petitioner does not allege that his choice to testify at trial was involuntary, and he told the trial court that the decision to testify was his. (Dkt. 10, Ex. 2, p. 238).

for counsel to suppress the knife. Defendant testified,

> "there's no knife ever admitted into evidence. So he should have definitely filed a motion to suppress this knife. Where is this knife? ... he should have suppressed a motion for this knife. Let's see this knife. Where is this knife? Because it could have changed the whole outcome of the jury trial"

The Court notes Defendant argues the knife should have been produced at trial to determine its existence; such is not the objective of a motion to suppress.

At the evidentiary hearing, counsel testified as follows:

> STATE ATTORNEY: Going on to Ground 7, failing to file a motion to suppress the knife, in your opinion, Kyle is arrested for DUI and searched instant [sic] to arrest and that's when the pocketknife was found, according to the officer would there have been a legal basis to file a motion to suppress?
>
> MARCIA PERLIN: I don't even think it would have been a motion to suppress, regardless of whether he was arrested for DUI or not. I would have - - if I had known about the knife previously, I might have filed a motion in limine to exclude testimony about any such knife as it was unrelated to the crime. But I would not have filed a motion to suppress, regardless of the rationale behind why he was arrested.

Counsel testified had she known about Officer Morgan's testimony regarding the knife prior to trial she "might have filed a motion in limine to exclude testimony about any such knife." Counsel further testified she could not have filed a motion in limine because she did not know about the pocketknife until the officer's testimony at trial.

The Court finds there was no legal basis to file a motion to suppress the knife as Defendant was searched in connection with a lawful arrest for DUI and thus counsel was not deficient for failing to file a motion to suppress. *See United States v. Robinson*, 414 U.S. 218, 224 (1973). Further, the Court notes trial counsel did not know of Officer Morgan's testimony regarding finding a knife on Defendant until the middle of trial, thus it would be impossible for counsel to file any form of pretrial motion concerning what counsel did not know existed.

The Court further finds, as stated in grounds one and five, Defendant cannot demonstrate prejudice. The victim testified at trial that Defendant possessed a knife

> described as a "camping knife" and "one used for cutting rope" when carjacking her. Thus, even if it were possible to suppress or exclude the knife Officer Morgan testified to seizing from Defendant, the Court finds the outcome of the trial would not have been different given the victim's testimony concerning the knife Defendant used on her in the carjacking. *See Strickland*, 466 U.S. at 694.
>
> The Court finds counsel was not deficient in failing to file a motion to suppress the pocketknife because there was no legal basis to do so and the Court finds given the victim's testimony, Defendant cannot demonstrate sufficient prejudice. For the foregoing reasons, the Court finds no relief is warranted on ground seven.

(Dkt. 10, Ex. 16, Final Order Denying Motions for Post-Conviction Relief, pp. 9-11) (court's record citations omitted).

Counsel was not ineffective in failing to move to suppress the knife because there was no legal basis on which to base a motion to suppress. It was discovered in a pat down incident to his arrest. To the extent Petitioner asserts that counsel should have challenged or moved to limit Officer Morgan's testimony once he testified about the knife, the record supports the state court's conclusion that Petitioner failed to show prejudice. As discussed in Ground One, *supra*, in light of the State's evidence, Petitioner does not show a reasonable probability that the outcome of trial would have been different even if Officer Morgan had not testified about the knife. Petitioner has not shown that the state court's decision resulted in an unreasonable application of *Strickland* or involved an unreasonable determination of the facts. Ground Seven does not warrant relief.

<u>Ground Eight</u>: "Counsel was ineffective for failure to depose Georgia police officer Kaleb Morgan."

Petitioner alleges that counsel was ineffective in failing to depose Officer Morgan to uncover his statements about the pocketknife. The state court denied this claim:

> Defendant alleges counsel was ineffective for failure to depose Officer Morgan. Defendant alleges Officer Morgan testified at trial Defendant had a pocket knife on him when he was arrested. Defendant alleges had counsel deposed Officer Morgan counsel would have known he would testify about a knife and counsel would have

been prepared to impeach or object to his testimony. Defendant alleges this testimony played a significant role at trial in leading the jury to convict Defendant of carjacking with a deadly weapon.

At the evidentiary hearing, counsel testified it "becomes very difficult" for the Public Defender's Office to depose individuals out of state. Counsel testified as follows:

> "There are ways that it can be done, but it - - I know that if I was in the position right now to decide whether I was going to depose that law enforcement officer, I would not have deposed him, based upon what - - what his participation in the event was. I would not have deposed him. I may have questioned him outside before the trial because he was here, but I would not have deposed him."

Counsel testified she does not believe either she or Baker questioned Officer Morgan before he testified.

The Court notes the minor role Officer Morgan played in Defendant's trial for the offense of carjacking. Officer Morgan is Georgia police officer who arrested Defendant in Georgia for a DUI on January 20, 2008, a day after the carjacking. Officer Morgan had little to no knowledge of the carjacking occurring on January 19, 2008, in Hillsborough County Florida. As stated by counsel at the evidentiary hearing, she "would not have deposed him, based upon what - - what his participation in the event was." The Court finds counsel's testimony credible and finds counsel['s] decision to not depose Officer Morgan was a reasonable tactical decision.

Further, "when a failure to depose is alleged as part of an ineffective assistance of counsel claim, the [defendant] must specifically set forth the harm from the alleged omission, identifying 'a specific evidentiary matter to which the failure to depose witnesses would relate." *Brown v. State*, 846 So.2d 1114, 1124 (Fla. 2003).

The Court finds Defendant has failed to establish harm that resulted from counsel's failure to depose Officer Morgan and has thus failed to demonstrate prejudice. Defendant alleges had counsel deposed Officer Morgan counsel would have known about the testimony concerning a pocketknife found on Defendant when arrested and then counsel could have objected or impeached the officer's testimony. The Court notes both Defendant and the victim testified at trial as to Defendant possessing some type of knife. Thus the Court cannot find any resulting harm that could have been prevent[ed] considering two other individuals testified to Defendant possessing a knife, including the Defendant.

The Court finds had counsel deposed Officer Morgan, known about the knife, and objected, impeached, or excluded Officer Morgan's testimony concerning the knife,

the harm Defendant seeks to prevent would not have been prevented given the testimony of Defendant and victim concerning a knife and thus the outcome of the trial would not have been different. For the foregoing reasons, the Court finds no relief is warranted on ground eight.

(Dkt. 10, Ex. 16, Final Order Denying Motions for Post-Conviction Relief, pp. 11-13) (court's record citations omitted).

Whether to depose a witness is a tactical decision. *Magill v. State*, 457 So.2d 1367, 1369 (Fla. 1984). The record demonstrates that Morgan was not involved in investigating the carjacking, supporting the state court's conclusion that he appeared to have a relatively minor role in the case. (Dkt. 10, Ex. 3, pp. 213-31). Further, Petitioner himself asserts that Officer Morgan's police report did not mention a knife, and he fails to identify any other specific information known to counsel at the time that should have prompted a deposition of Morgan. Accordingly, he fails to show that counsel's tactical choice to forgo a deposition was unreasonable. *See, e.g., Rogers v. Zant*, 13 F.3d 384, 387 (11th Cir. 1994) ("*Strickland* indicates clearly that the ineffectiveness question turns on whether the decision not to make a particular investigation was reasonable. This correct approach toward investigation reflects the reality that lawyers do not enjoy the benefit of endless time, energy or financial resources.") (citation omitted).

Even if counsel had deposed Morgan and successfully moved to exclude his testimony about the pocketknife, there was significant evidence of guilt, including the victim's account of the carjacking and the use of a knife. The state court did not unreasonably apply *Strickland* in determining that counsel made a reasonable tactical decision and that Petitioner failed to show prejudice. The state court's decision was not based on an unreasonable determination of the facts. Petitioner is not entitled to relief on Ground Eight.

Ground Six: "Ineffective assistance of counsel for failing to fundamental erroneous jury instruction [sic] which relieved the State of its burden of proof beyond a reasonable doubt that defendant carried a knife."

Petitioner argues that trial counsel was ineffective in failing to object to an erroneous jury instruction. He alleges that the carjacking instruction did not instruct the jury that they must find "beyond a reasonable doubt" that he possessed a deadly weapon to find him guilty of carjacking with a deadly weapon. As a result, he alleges, the State was not held to its burden of proof. The state court denied this claim:

> Defendant alleges ineffective assistance of counsel for failing to object to an erroneous jury instruction. Defendant alleges in instructing the jury as to the charge of carjacking the Court omitted the phrase "beyond a reasonable doubt" as to the deadly weapon instruction. Defendant alleges the error undermined the outcome of the trial because the State was relieved of its burden of proof in showing that Defendant carried a deadly weapon. Defendant alleges there is a reasonable probability the jury would not have found he had a deadly weapon if the jury had the proper instructions.
>
> The jury instruction read at trial for carjacking with a deadly weapon is as follows: "If you find Raymond Kyle guilty of carjacking, you must further determine and reflect in your verdict whether in the course of committing the carjacking, he carried a deadly weapon." The Court finds the carjacking jury instruction was amended adding the phrase "beyond a reasonable doubt" and such amendment went into effect on May 15, 2008. *See In re Standard Jury Instructions in Criminal Cases*, 982 So. 2d 1160 (Fla. 2008). As Defendant's trial began on August 11, 2008, the amended instruction was in effect at the time of Defendant's trial and should have been used. As amended the instruction should have read as "If you find Raymond Kyle guilty of carjacking, you must further determine beyond a reasonable doubt and reflect in your verdict whether in the course of committing the carjacking, he carried a deadly weapon."
>
> At the evidentiary hearing, counsel testified she was responsible for preparing the jury instructions and the trial judge reviewed the instructions. Counsel testified she personally compared... the instructions she prepared with the instructions as printed in the "2008 Florida Criminal Laws and Rules" book in the courtroom. Counsel explained any law changes subsequent to the printing of the book are not updated but can be found online.

> Defendant alleges he was prejudiced in this error because the State was relieved of its burden of proof in showing Defendant carried a deadly weapon. The Court notes when reading the instructions to the jury the trial court instructed that the State was required to prove the charge against Defendant "beyond a reasonable doubt" several times. The Court also stated as to the carjacking instruction "to prove the crime of carjacking the State must provide [sic] the following beyond a reasonable doubt."
>
> . . .
>
> Further, the written instructions provided to the jury instructed the jury the State's burden to prove carjacking is beyond a reasonable doubt and the jury was provided with the general instruction on reasonable doubt.
>
> The Court finds although counsel did not object to the error in the jury instructions, the Court finds the jury was adequately instructed that the State's burden of proof is beyond a reasonable doubt. As such, the Court finds Defendant was not prejudiced by counsel's lack of objection. Accordingly, no relief is warranted on ground six.

(Dkt. 10, Ex. 16, Final Order Denying Motions for Post-Conviction Relief, pp. 7-9) (court's record citations omitted).

As the state court found, the jury received an outdated version of Florida's standard carjacking instruction. The instruction which was given did not expressly state that the State was required to prove beyond a reasonable doubt that Petitioner possessed a deadly weapon during the offense. (Dkt. 10, Ex. 1, p. 35; Ex. 3, p. 309). However, as the state court found, the jury was repeatedly instructed that the State had the burden of proving its case beyond a reasonable doubt. (Dkt. 10, Ex. 1, pp. 34, 37, 41; Ex. 3, pp. 307, 313-14, 319). "[J]urors are presumed to follow the court's instructions." *Brown v. Jones*, 255 F.3d 1273, 1280 (11th Cir. 2001). The record therefore supports the conclusion that, even if the amended version of the carjacking instruction been provided, there is no reasonable probability the outcome of trial would have been different. As he does not show that the state court unreasonably applied *Strickland*'s prejudice prong or unreasonably determined the facts, Petitioner is not entitled to relief on Ground Six.

Accordingly, it is **ORDERED** that:

1. The petition for writ of habeas corpus (Dkt. 1) is **DENIED**.

2. The Clerk is directed to enter judgment against Petitioner and to close this case.

3. Petitioner is not entitled to a certificate of appealability ("COA"). He does not have the absolute right to appeal. 28 U.S.C. § 2253(c)(1). A COA must first issue. *Id.* He is entitled to a COA only if he demonstrates that reasonable jurists would find debatable whether the § 2254 petition stated "a valid claim of the denial of a constitutional right." *Id.*; *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). To make a substantial showing of the denial of a constitutional right, he "'must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,'" *Tennard v. Dretke,* 542 U.S. 274, 282 (2004) (quoting *Slack,* 529 U.S. at 484), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 335-36 (2003) *(quoting Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)).

Petitioner cannot make the required showing. He cannot demonstrate that reasonable jurists would debate whether the petition stated a valid claim of the denial of a constitutional right. Finally, because he is not entitled to a COA, he is not entitled to appeal *in forma pauperis.*

**ORDERED** in Tampa, Florida, on this 10th day of October, 2017.

**JAMES D. WHITTEMORE**
**United States District Judge**

*Pro se* Petitioner, Counsel of Record